# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Newport News Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 4:12cr111 |
| | ) | |
| MARCELLUS CHEATHAM, III | ) | |
| | ) | |
| Defendant. | ) | |

## REPLY IN SUPPORT OF MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)

Marcellus Cheatham, through counsel, has moved this Court for an order granting his compassionate release under 18 U.S.C. § 3582(c)(1)(A) and reducing his sentence of imprisonment. ECF No. 144. In its response, the government agrees that Mr. Cheatham has satisfied the 30-day waiting period, but argues against relief. In doing so, the government ignores at least one of Mr. Cheatham's primary arguments for compassionate relief. *See* ECF No. 147.

The government principally argues that Mr. Cheatham has not established extraordinary and compelling reasons for release because he has refused the vaccine. *See* ECF No. 147, at 12. According to the government, this is reason to disregard Mr. Cheatham's medical conditions in determining whether compassionate release is appropriate. But the government never addresses Mr. Cheatham's specific reasons for refusing the vaccine, such as his lack of information concerning the safety and efficacy of the vaccine, or his specific concerns about a potential allergic reaction to the vaccine. *See* ECF No. 144, at 10-14.

Regarding the 18 U.S.C. § 3553(a) factors, the government focuses on the seriousness of Mr. Chatham's underlying conduct. ECF No. 147, at 19. However, it completely fails to address *either* of Mr. Cheatham's disparity arguments that his sentence would likely be lower if imposed today. *See* ECF No. 144, at 14-16. This Court should treat the government's failure to even respond to these

1

arguments as a concession. The government also glosses over Mr. Cheatham's impressive rehabilitative strides, simply noting they are "commendable." ECF No. 147, at 20.

Mr. Cheatham has given this Court numerous reasons why compassionate release is appropriate. Additionally, the § 3553(a) factors weigh in favor of release. His sentence would likely be shorter if imposed today, and his risk of recidivism is minimal. For all of these reasons, this Court should reduce Mr. Cheatham's sentence.

I. **This Court has the authority to impose a reduced sentence under 18 U.S.C. § 3582(c)(1)(A).**

As an initial matter, the government is not disputing that Mr. Cheatham properly exhausted his administrative remedies. *See* ECF No. 147 at 8 (setting forth facts establishing proper exhaustion).

There are "extraordinary and compelling reasons" for relief and the § 3553(a) factors support a reduced sentence. Under § 3582(c)(l)(A), a court may reduce a defendant's sentence if the "court ... finds that ... extraordinary and compelling reasons warrant such a reduction," and the reduction is "consistent with applicable policy statements issued by the Sentencing Commission" and the § 3553(a) factors. *See United States v. McCoy,* 981 F.3d 271, 275 (4th Cir. 2020). However, no applicable policy statement currently constrains the district courts' analysis of § 3582(c)(l)(A) motions for compassionate release. *United States. v. Kibble*, 992 F.3d 326, 330-31 (4th Cir. 2021). "[A]s a result, district courts are empowered ... to consider any extraordinary and compelling reason for release that defendant might raise." *McCoy*, 981 F.3d at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)). Until the Sentencing Commission issues a new policy statement, courts need only find that "extraordinary and compelling reasons" warrant a sentence reduction and that the reduction does not contravene the § 3553(a) factors. *McCoy*, 981 F.3d at 282. "The district court enjoy[s] broad discretion in conducting this analysis." *Kibble*, 992 F.3d at 330.

Mr. Cheatham is asking this Court for a reduced sentence – either a reduction to time served, or a reduced sentence that is at a minimum 105 months.[1] He has given this Court several extraordinary and compelling reasons why a reduction of some degree is appropriate. Mr. Cheatham's health concerns and the COVID-19 pandemic are simply one consideration.

Regarding vaccination, Mr. Cheatham acknowledges he does not know what the right answer is at this time. He is having a difficult time weighing the potential benefits and risks of vaccination given his history and current circumstances. He is fearful for his life should he get COVID-19, but at the same time he is fearful of the vaccine. He is also fearful of an allergic reaction to the vaccine, and whether he will get appropriate healthcare if he has a reaction. He reports that the individuals responsible for administering the vaccine—staff in the Bureau of Prisons (BOP)—are telling him they aren't taking it. He can hardly be faulted for following in their footsteps. He simply does not have access to information and to doctors he trusts at Pollock FCI. As an inmate, his access to information is restricted and this has made it difficult for Mr. Cheatham to make an informed decision regarding the vaccine. Rather than addressing Mr. Cheatham's fears and his restricted access to trustworthy sources of information, the government sees the situation as black and white: because Mr. Cheatham has access to the vaccine and has declined it, he is therefore undeserving of compassionate release. It's not black and white, though, and the government's argument misses the bigger picture both as to Mr. Cheatham's vaccination status and his motion for compassionate release.

Here, the COVID-19 pandemic and the risk to Mr. Cheatham's health, along with his efforts toward rehabilitation, good behavior, and his substantial period of incarceration particularly during the pandemic warrant compassionate release. There are also changes in the sentencing landscape this

---

[1] As of October 4, 2021, Mr. Cheatham has 104 months and 10 days in custody, or 8 years, 8 months, and 10 days. *See* PSR, at 1 (noting he has been detained continuously since January 25, 2013).

Court should consider. Here, like in *McCoy,* not one but *several* case-specific factors support a finding of "extraordinary and compelling" reasons for Mr. Cheatham's release.

**II.     The § 3553(a) factors support a reduced sentence.**

The government argues further that compassion release is not appropriate because Mr. Cheatham "presents a danger to the safety of others and the community, citing 18 U.S.C. § 3142(g)." ECF No. 147, at 19. This argument relies on the wrong framework, as the Fourth Circuit explained in *McCoy.* The Court need not consider as part of its analysis U.S.S.G. § 1B1.13, which instructs courts to apply the factors set forth in § 3142(g). In light of *McCoy*, a court in this District has found that whether a defendant is a danger to the community is no longer a standalone factor. *United States v. Williams*, No. 1:92-cr-83, ECF No. 349, at *7 n.3 (E.D. Va. Jan. 5, 2021). That is because this factor was promulgated by a sentencing guideline that no longer governs motions for compassionate release. *Id.* "Moreover, the compassionate release statute's directive that courts consider, when relevant, the extent to which a sentence reduction adequately 'protects the public from further crimes of the defendant' subsumes a freestanding inquiry into the Defendant's danger to the community." *Id.* (citing 18 U.S.C. § 3582(c)(1)(A); 18 U.S.C. § 3553(a)(2)(C)). In evaluating a motion for compassionate release, the Court must consider only "the factors set forth in section 3553(a)" to "the extent that they are applicable" to determine whether a sentence reduction is warranted. 18 U.S.C. § 3582(c)(1)(A). Weighing all the factors set forth in § 3553(a) warrants a reduction of Mr. Cheatham's sentence.

In considering a sentence reduction in this case, the Court must consider the § 3553(a) factors and the defendant and his circumstances *today,* not at the time of the offense. This Court has discretion to impose a new, significantly reduced sentence based on these factors. This includes consideration of post-offense developments, which provide "the most up-to-date picture" of Mr. Cheatham's history and characteristics. *See Pepper v. United States*, 562 U.S. 476, 490-93 (2011). Indeed, the Fourth Circuit

requires "full consideration of the defendants' individual circumstances," including rehabilitative efforts and the amount of time spent incarcerated for the offense. *See McCoy*, 981 F.3d at 286.

Though Mr. Cheatham's offense was serious, this should not preclude relief. And offense conduct is but one consideration in the Court's sentencing analysis. Courts have found that the government's emphasis on the nature of a defendant's underlying offense in the context of compassionate release "misunderstands the nuanced analytical framework that Congress has provided in section 3582(c)[.]" *United States v. Greene*, No. 1:71cr1913, ECF No. 19, at 19 (D.D.C. Feb. 2, 2021). As the *Greene* court explained, the default presumption under § 3582(c) is that the court can only modify a sentence if the defendant presents extraordinary and compelling reasons that warrant such a reduction. "If the defendant makes that showing, the presumption then effectively shifts in favor of his release, and the court must determine whether any of the purposes of punishment set forth in section 3553(a) require keeping the defendant incarcerated nevertheless; that is, notwithstanding the extraordinary and compelling circumstances that would otherwise justify releasing him." *Id.* "[N]othing in this analysis authorizes the court to deny a motion for compassionate release simply and solely because the defendant's offense of conviction is an egregious and dangerous crime." *Id.* This Court should reject the government's arguments for denial based the nature of the offense and find that not only has Mr. Cheatham presented "extraordinary and compelling reasons" for a reduced sentence, the § 3553(a) support a reduced sentence.[2]

---

[2] *See, e.g., Wright v. United States*, No. 4:95cr44, ECF No. 327 (E.D. Va. July 11, 2019) (reducing life sentence where guidelines called for 360 months to life); *Lee v. United States*, No. 4:96cr22, ECF No. 456 (E.D. Va. Aug. 9, 2019) (reducing life sentence to time served – about 300 months – where the defendant's sentencing guidelines called for life imprisonment due to application of the murder cross-reference); *Williams v. United States*, No. 2:99cr116, ECF No. 277 (E.D. Va. Aug. 29, 2019) (reducing life sentence to 288 months where defendant was convicted of conspiracy to distribute and possession with intent to distribute 50 grams or more of cocaine base and 5 kilograms or more of cocaine, and where the guideline range called for life imprisonment, and the defendant was the leader of a drug conspiracy); *Palmer v. United States,* No. 2:93cr90, ECF No. 271 (E.D. Va. Sept. 10, 2019) (reducing life sentence to time served, where the statutory range of imprisonment remained the same, and where the defendant was viewed as a "supervisor" in a conspiracy that was responsible for

In focusing on Mr. Cheatham's underlying conduct and history—static factors that will remain unchanged regardless of release date—the government glosses over who Mr. Cheatham is today and diminishes Mr. Cheatham's demonstrated history of growth and personal improvement. The best the government can say about Mr. Cheatham's steps toward self-improvement is that they are "commendable." ECF No. 147, at 20.

That's true; Mr. Cheatham's efforts *are* commendable, but they go further than that. He has taken advantage of every opportunity available to him, and he is a different person today than he was when he committed this offense. In addition to what was outlined previously, Mr. Cheatham reports that he expects to receive his Business Technical Degree at the end of October 2021, another incredible accomplishment. *Mr. Cheatham will be a college graduate in less than a month*. Mr. Cheatham also has a viable release plan. He plans to live with his mother in Chesterfield, Virginia.[3] And he has incredible family support in the community. *See* ECF No. 144 (containing numerous character letters); s*ee also* Exhibit A (additional character letters from Mr. Cheatham's mother, stepfather, and godmother Dorothy Boyd). As previously mentioned, Mr. Cheatham has employment lined up at Brewer's Cafe.

---

trafficking more than 60 kilograms of powder and crack cocaine, he participated in a "shootout" involving a "turf" dispute, and he incurred 27 disciplinary infractions in prison); *Hand v. United States*, No. 2:09cr23, ECF No. 137 (E.D. Va. Sept. 12, 2019) (reducing sentence to time served despite applicable guideline range); *Jordan v. United States*, No. 2:99cr19, ECF No. 188 (E.D. Va. Sept. 12, 2019) (reducing life sentence to time served, where the guideline range remained 360 months to life, and where the defendant was characterized as a drug "kingpin" who was involved in violent conduct and involved indigent and homeless people in his enterprises); *Jones v. United States,* No. 4:98cr10, ECF No. 234 (E.D. Va. Jan. 6, 2020) (reducing sentence to 300 months despite initial sentence of life plus 540 years); *United States v. Norman*, No. 2:08cr34, ECF No. 175 (E.D. Va. Feb. 12, 2020) (reducing life sentence to 292 months); *Greenhow v. United States*, No. 4:95cr39, ECF No. 729 (E.D. Va. Sept. 15, 2020) (reducing life sentence to time served for a defendant who led a "massive drug conspiracy" from 1984 to 1995 where he distributed 12.5 kilograms of crack cocaine and 207 grams of marijuana, in addition to involving his family members and possessing several weapons).

[3] Defense counsel does wish to correct two errors in the Motion. First, Mr. Cheatham's mother's name is Hazel Butts Cheatham, not Ms. Sheila Mays. She resides in Chesterfield, Virginia. Further, Mr. Cheatham reports that he received his high school diploma prior to his incarceration, not his GED.

6

Mr. Cheatham will also have a driver's license upon release. *See* Ex. B (DMV paperwork). This is important because he will not have to rely on anyone upon his release to get to and from work.

Although the government is correct that compassionate release may not be granted on rehabilitation alone—which Mr. Cheatham is not asking this Court to do—courts across the country have taken rehabilitation into consideration when granting compassionate release. In granting a sentence reduction to a defendant convicted of murder, one court found that a defendant's "record of rehabilitation from twenty-two years of incarceration significantly mitigates his risk of recidivism." *United States v. Bass,* 2021 WL 228904, at *4 (E.D. Mich. Jan. 22, 2021); *United States v. McDonald*, 986 F.3d 402 (4th Cir. 2021) (holding in the context of a motion under § 404 of the First Step Act that a court must consider the rehabilitation evidence presented by an eligible defendant). Specifically, courts have used rehabilitation as a basis for sentence reductions to defendants serving life sentences. *See, e.g., United States v. Hope,* 2020 WL 2477523 (S.D. Fla. Apr. 10, 2020) (granting compassionate release based in part on "profound rehabilitation"); *Lopez,* 2020 WL 6298061 (D. Haw. Oct. 27, 2020) (granting sentence reduction to time served for a defendant who had served 23 years of a jury-imposed life sentence); *Bass,* 2021 WL 228904 (granting sentence reduction to inmate based on rehabilitation, sentencing disparities, and COVID-19 health risks).

Disparity in sentencing is another important consideration under § 3553(a), as well as in the extraordinary and compelling analysis, yet the government *completely* ignores Mr. Cheatham's disparity arguments. Leaving Mr. Cheatham's lengthy sentence in place would similarly ignore important developments in federal criminal law, such as *United States v. Dean*, 137 S. Ct. 1170 (2017) (holding that a sentencing judge may properly impose a sentence of a single day on any remaining non-§ 924(c) counts) and Amendment 782 (reducing the guidelines range for certain drug offenses).

Mr. Cheatham's rehabilitative strides and sentencing disparities, when combined with all of the other arguments made in his original motion, constitute extraordinary and compelling reasons for

7

a sentence reduction. This Court can be assured if released, Mr. Cheatham will not be a drain to the community, or a danger to the community, but an *asset* to the community.

CONCLUSION

For the reasons set forth above and in his motion for compassionate release and supporting exhibits, Mr. Cheatham respectfully requests that this Court reduce his sentence under 18 U.S.C. § 3582(c)(1)(A).

Respectfully submitted,

MARCELLUS CHEATHAM, III

_____/s/_____
Amanda C. Conner
Virginia State Bar No. 88317
Office of the Federal Public Defender
Counsel for Mr. Marcellus Cheatham, III
150 Boush Street, Suite 403
Norfolk, Virginia 23510
Telephone: 757-457-0816
Fax: 757-457-0880
amanda_conner@fd.org

**CERTIFICATE OF SERVICE**

I certify that on this 4th day of October, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification (NEF) to all counsel of record.

I further certify that I sent a copy of this pleading to the probation office by way of electronic mail to: duty-vaep-norfolk@vaep.uscourts.gov.

/s/
Amanda C. Conner
Virginia State Bar No. 88317
Office of the Federal Public Defender
Counsel for Marcellus Cheatham, III
150 Boush Street, Suite 403
Norfolk, Virginia 23510
Telephone: 757-457-0816
Fax: 757-457-0880
amanda_conner@fd.org