UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MARCELLUS EDWARD CHEATHAM, III,<br><br>Defendant. | Criminal No. 4:12cr111 |

## ORDER

Before the Court is a Motion for Compassionate Release by Defendant Marcellus Edward Cheatham, III (ECF No. 144) and a related *Pro Se* Motion for Compassionate Release (ECF No. 137). For the following reasons, Defendant's *Pro Se* Motion is **DISMISSED as moot**, and the Motion for Compassionate Release is **DENIED.**

**I.   BACKGROUND**

On December March 14, 2013, Mr. Cheatham pleaded guilty to two counts related to robbery and drugs, without the benefit of a written plea agreement. Minute Entry, ECF No. 47. He was found guilty by a jury of two additional counts related to the same. Jury Verdict, ECF No. 55. He pleaded guilty to Counts One and Five. Minute Entry, ECF No. 47. Count One charged him with Interference with Commerce by Robbery, in violation of 18 U.S.C.§ 1951(a) and Count Five charged him with Possession with Intent to Distribute Schedule II Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Presentence Investigation Report ("PSR") at 2,

1

ECF No. 139. A jury found him guilty of Counts Two and Four. Jury Verdict, ECF No. 55. Count Two charged him with Brandishing a Firearm During a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A) and Count Four charged him with Felon in Possession of Ammunition, in violation of 18 U.S.C. § 922(g)(1). *Id.*

On August 21, 2012, Mr. Cheatham entered into a Walgreens in Hampton Virginia to rob a pharmacist. Statement of Facts at 1, ECF No. 49. He gave the pharmacist a note that stated, "Give Me All The Percocet/Oxycodone or I will Shoot – Don't Try me." *Id.* He stole approximately 2036 oxycodone pills of various doses. *Id.* Following the robbery, Mr. Cheatham texted many individuals advertising the pills as for sale. *Id.* at 4. In total, Mr. Cheatham was attributed a total converted drug weight of 162.9522 kilograms. PSR at 32, ECF No. 139.

Mr. Cheatham was sentenced by Judge Morgan on January 31, 2014. Judgment, ECF No. 72. He was sentenced to a total of 235 months' imprisonment. *Id.* This consisted of 151 months on Count One, 84 months on Count Two to be served consecutively, a term of 120 months on Count Four to be served concurrently with Count One and Count Two, and 151 months on Count Five, to be served concurrently with Count One and Count Two. *Id.* He was also sentenced to a total of five years of

supervised release. *Id.* This consisted of five years on Count Two and three years on Count One, Count Four, and Count Five all to run concurrently. *Id.*

Mr. Cheatham now moves under 18 U.S.C. § 3582(c) for compassionate release due to the COVID-19 pandemic.[1] Mot. for Release, ECF No. 144. The Court appointed counsel to represent Mr. Cheatham on his Motion. Order, ECF No. 138. Counsel argues that the COVID-19 pandemic in combination with Mr. Cheatham's incarceration conditions, age (he is 35 years old), and health condition of asthma present extraordinary and compelling reasons for compassionate release. Mot. for Release at 5–10, ECF No. 144. He also argues that compassionate release is appropriate to avoid unwarranted sentencing disparities. *Id.* at 14–16. He argues that his guidelines range would have been lower if he was sentenced today because his offense level would be reduced by two levels. *Id.* He urges that if he were sentenced today, his guidelines range would have been 121 to 151 months, and he likely would have received 121 months not 151 months. *Id.* at 15. Furthermore, he points out that he was not granted a two-point reduction for acceptance of responsibility even though he pleaded guilty to two counts of the indictment. *Id.* Lastly, he states that new law now allows courts to factor into account the mandatory minimum under 18 U.S.C. § 924(c) when fashioning a sentence, such that a district court sentencing Mr.

---

[1] Because the Court appointed counsel to represent Mr. Cheatham, and appointed counsel has filed a formal Motion to Compassionate Release on his behalf, Mr. Cheatham's *pro se* Motion is dismissed as moot.

3

Cheatham today would be able to consider imposing a lesser sentence on other counts because of the mandatory minimum. *Id.*

The Court ordered the Government and the United States Probation Office to advise the Court of their positions on Mr. Cheatham's Motion. Both oppose the Motion. PO Recommendation, ECF No. 146; Resp. in Opp'n, ECF No. 147. The Motion is fully briefed and now ripe for a decision.

## II.   LEGAL STANDARDS

Section 18 U.S.C. § 3582(c)(1)(A) provides that a court may reduce a term of imprisonment after it has been imposed "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A) (Westlaw through Pub. L. No. 117-30 (excluding Pub. L. No. 116-283)).

The United States Court of Appeals for the Fourth Circuit has yet to evaluate the precise impact of this precondition. S*ee United States v. Kibble*, 992 F.3d 326, 330 & n.2 (4th Cir. 2021) (noting that "[c]ourts are split over the question of whether, and under what circumstances, a court may waive § 3582(c)(1)(A)'s exhaustion requirement" but declining to reach the issue where it was "undisputed that Mr. Kibble exhausted his administrative remedies").

But other federal Courts of Appeals have ruled that satisfying one of the requirements of § 3582(c)(1)(A) is a mandatory claim-processing rule. *E.g.*, *United*

4

*States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020) (holding that although "exhaustion requirement does not implicate [a court's] subject-matter jurisdiction," statute provides that prisoner may bring motion only after fully exhausting administrative rights to appeal with prison or "waiting 30 days after his first request to the prison"); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (finding petitioner's failure "to comply with § 3582(c)(1)(A)'s exhaustion requirement" to be "roadblock foreclosing compassionate release at this point").

"When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'" *Alam*, 960 F.3d at 834 (quoting *Hamer v. Neighborhood Hous. Servs. of Chicago*, 138 S. Ct. 13, 17 (2017)). "Because 'Congress sets the rules' when it comes to statutory exhaustion requirements, the judiciary has a role to play in exception-crafting 'only if Congress wants [it] to.' Nothing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions." *Id.* at *3 (quoting *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016)). Therefore, the 30-day waiting period is mandatory unless the Government waives or forfeits the requirement. *Id.* ("[M]andatory claim-processing rules bind the courts only when properly asserted and not forfeited.").

If a motion satisfies the statutory precondition, a court may reduce the inmate's sentence if the Court finds that "extraordinary and compelling reasons warrant such a reduction" and concludes "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A). The Fourth Circuit has ruled recently that there are no applicable policy statements for the Court to consider in defining extraordinary and compelling reasons; it is

within the Court's discretion to assess whether extraordinary and compelling reasons exist.[2] *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020).

In doing so, a court may consider the length of a defendant's sentence, including the disparity between the sentence that a defendant originally received and the sentence that he would receive today. *Id.* at 285; *see also United States v. Hardnett*, No. 3:03-cr-212, 2020 WL 5074023, at *7 (E.D. Va. Aug. 27, 2020) ("District courts within the jurisdiction of the Fourth Circuit have considered the length of time served an important factor when ruling on motions for compassionate release during the COVID-19 pandemic."). Where a court finds that the disparity between the defendant's original sentence and the sentence that he would receive today is so significant that it may be considered an "extreme and compelling circumstance," it is empowered to reduce his sentence retroactively. *Id.* at 286; *see United States v. Vaughn*, No. 5:08-cr-00266, 2021 WL 136172, at *3 (S.D.W. Va. Jan. 13, 2021).

Courts should also consider the sentencing factors under 18 U.S.C. § 3553(a) before granting a motion for compassionate release. *Kibble*, 992 F.3d at 330. Even if a court "finds that a defendant has demonstrated extraordinary and compelling reasons [for a reduction in sentence], it is still not required to grant the defendant's motion for a sentence reduction." *High*, 997 F.3d at 186. A "court may deny a motion for compassionate release if the § 3553(a) factors override what would otherwise be extraordinary and compelling circumstances" meriting compassionate release. *Easter*

---

[2] Nevertheless, it is appropriate for the Court to look to USSG § 1B1.13 for guidance. *United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021).

6

*v. United States*, No. 4:16-cr-49-7, 2020 WL 3315993, at *4 (E.D. Va. June 18, 2020) (citing *United States v. Doumas*, No. 13-cr-120, 2020 WL 3256734, at *2 (E.D.N.Y. June 16, 2020)); *see also Kibble*, 992 F.3d at 330–32.

### III. APPLICATION

#### A. Statutory Precondition

Mr. Cheatham has satisfied the mandatory statutory prerequisite for consideration of his Motion. He submitted a request for compassionate release to the Warden of Pollock FCI on June 22, 2021, and the request was denied on July 9, 2021. Ex. A to Mot. for Release, ECF No. 144-1. The Government agrees. Resp. in Opp'n at 8–9, ECF No. 147. Accordingly, the precondition is met, and the Court proceeds with considering the merits of Mr. Cheatham's request.

#### B. Extraordinary and Compelling Reasons

To reduce an inmate's term of imprisonment, the Court must find that extraordinary and compelling reasons exist for a reduction in sentence. "[A]n inmate might well be able to present an extraordinary and compelling reason for release based on COVID-19." *High*, 997 F.3d at 185. "An inmate's serious medical condition can be the basis for such a finding, and COVID-19 raises medical issues in the prison context that are particularly serious—it is highly communicable; it is aggravated by certain other medical conditions; and it can be lethal." *Id.*

"[C]ompassionate release motions amid the COVID-19 pandemic have required a 'fact-intensive' inquiry, made in the 'unique circumstances' and 'context' of each individual defendant. . . . [C]ourts . . . have considered (1) the age of the

7

prisoner; (2) the severity and documented history of the defendant's health conditions, as well as the defendant's history of managing those conditions in prison; (3) the proliferation and status of infections in the prison facility; [and] (4) the proportion of the term of incarceration that has been served by the prisoner . . . ." *United States v. Brady*, No. 18-cr-316, 2020 WL 2512100, at *3 (S.D.N.Y. May 15, 2020) (citations omitted). After considering these factors, the Court finds that Mr. Cheatham has not presented "extraordinary and compelling" reasons for a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i).

Mr. Cheatham's age weighs against finding that "extraordinary and compelling" reasons exist for a sentence reduction. Mr. Cheatham is 35 years old. PSR at 3, ECF No. 139. He belongs to an age category that is not at increased risk of severe illness from COVID-19. *See* Ctrs. for Disease Control and Prevention ("CDC"), *Deaths involving coronavirus disease 2019 (COVID-19), pneumonia, and influenza reported to NCHS by time-period, jurisdiction of occurrence, sex, and age-group*, https://www.cdc.gov/nchs/nvss/vsrr/covid_weekly/ (last updated Nov. 17, 2021) (last visited Nov. 23, 2021) (noting that increase in risk begins around 40 to 49 age category and drastically increases around 50 to 64 age category).

Mr. Cheatham's health conditions slightly weigh in favor of finding that his circumstances are "extraordinary and compelling." The CDC has published a list of health conditions that increase a person's risk of severe illness from COVID-19. CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Oct.

14, 2021) (last visited Nov. 23, 2021). According to the CDC, those with moderate to severe asthma are potentially at increased risk of severe illness. *Id.* In requesting compassionate release, Mr. Cheatham states that he has asthma and has suffered through two asthma attacks in the past decade. Mot. for Release at 9, ECF No. 144. However, his medical records do not diagnose his asthma as either moderate or severe. Sealed Medical R., ECF No. 145. This compels the Court to conclude that he only *may* be at an increased risk.

Even so, Mr. Cheatham fails to establish "extraordinary and compelling" circumstances. He was offered the COVID-19 Pfizer-BioNTech vaccine on April 9, 2021. Ex. C to Resp. in Opp'n, ECF No. 147; PO Recommendation at 2, ECF No. 146. He refused. *Id.* This is a significant factor in deciding whether to grant or deny release.[3] Refusal of the vaccine undermines any extraordinary or compelling reasons that may exist for release. *See United States v. Ervin*, No. 3:14cr195, 2021 WL 848690, at *3 (M.D. Tenn. Mar. 5, 2021) (collecting cases). Courts "have noted that refusal to be vaccinated substantially diminishes arguments predicated on the risk presented

---

[3] Defendant argues that his refusal of the vaccine does not foreclose compassionate release. Mot. for Release at 11–14, ECF No. 144. He avers that he did not have the requisite information to decide whether he was allergic to the vaccine, was unable to make a decision about the vaccine because many health-care workers were refusing the vaccine and bureau of prisons employees were refusing the vaccine as well, and that the vaccine "is not a panacea." *Id.* at 14.

While this Court recognizes that Defendant may have difficulty in discerning whether he is allergic, the effectiveness of the COVID-19 vaccine against the original strain and currently known variants of the virus cannot be reasonably disputed. *See, e.g.*, CDC, COVID-19 Vaccines Work, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last updated Nov. 9, 2021) (describing and linking to studies and data confirming effectiveness of COVID-19 vaccines).

by COVID-19." *Id* (citations omitted). Refusal to take the vaccine is a defendant's unwillingness to "inoculate [himself or herself] against the same disease" which threatens a defendant's life for which he or she is seeking immediate release. *United States v. Zambrano*, No. 18cr2002, 2021 WL 248592, at *5 (N.D. Iowa Jan. 25, 2021). "It would be paradoxical to endorse a system whereby a defendant could manufacture extraordinary and compelling circumstances for compassionate release by unreasonably refusing the health care afforded to them." *Id*. Mere vaccine hesitancy, though it may be Mr. Cheatham's right, is not an extraordinary and compelling circumstance. This strongly weighs against finding his circumstances extraordinary and compelling.

Further, "[t]he proliferation and status of infections in the prison facility" in which Mr. Cheatham is currently housed also weigh against finding his circumstances as "extraordinary and compelling." *Brady*, 2020 WL 2512100, at *3. Mr. Cheatham is housed at Pollock FCI. Bureau of Prisons ("BOP") Inmate Locator, No. 34952-183, https://www.bop.gov/inmateloc (last visited Nov. 23, 2021). Currently, there are no positive cases among inmates, and there are no positive cases among staff. BOP, *Full breakdown and additional details*, https://www.bop.gov/coronavirus/ (updated daily at 3:00 P.M.) (last visited Nov. 23, 2021).

The rate of vaccine implementation in BOP facilities is an additional consideration at this stage in the pandemic. Currently, 2,105 inmates and 399 staff members at Pollock FCI have been fully inoculated against COVID-19. BOP, *COVID-*

10

*19 Vaccine Implementation*, https://www.bop.gov/coronavirus/ (updated daily at 3:00 P.M.) (last visited Nov. 23, 2021).

Mr. Cheatham has served a substantial portion of his sentence. Mr. Cheatham was sentenced to a total of 235 months' incarceration followed by 5 years' supervised release. Judgment, ECF No. 72. His projected release date is July 21, 2029. *See* BOP, Inmate Locator, No. 34952-183, https://www.bop.gov/inmateloc/ (last visited Oct. 29, 2021). He has served approximately fifty-five percent of his sentence. This weighs in favor of finding that his circumstances are extraordinary and compelling.

A court may consider the length of a defendant's sentence and a disparity between the sentence a defendant received and what they would receive today to determine if "extraordinary and compelling" circumstances exist. *McCoy*, 981 F.3d at 285. The Court can consider this as a relevant factor in the "individualized reviews of motions for compassionate release under § 3582(c)(1)(A)(i)." *Id.* at 826.

The Court finds that potential disparity between Mr. Cheatham's sentence and the sentence he would receive today does not amount to extraordinary and compelling reasons in this case for a reduction in sentence. If sentenced today, Mr. Cheatham would still be required to serve the statutorily specified seven-year to life sentence for Count Two as prescribed in 18 U.S.C. § 924(c). This would have to run consecutively to his sentence on the other Counts, for which the Guidelines sentencing range would be 121 to 151 months if Defendant's argument was adopted. Mot. for Release at 15, ECF No. 144. This estimation also presumes that the Court would have only imposed the mandatory minimum of on the § 924(c) count.

11

Furthermore, Defendant's assertion that the fact he was sentenced to the low end of the guidelines at time of sentencing means he would be sentenced to the low end of a new guidelines range (121 months) is not necessarily correct. Mot. for Release at 15, ECF No. 144. Courts have great discretion in determining sentencing, and Mr. Cheatham may have been sentenced to well above the mandatory minimum range or at the high-end of the guidelines range, particularly given the egregious facts of this case. Particularly taking this into account, any potential disparity is insufficient to find extraordinary and compelling reasons for compassionate release.

The Court weighs these factors together. Mr. Cheatham has one condition that might place him at increased risk of severe illness from COVID-19. Nevertheless, he was offered and refused the COVID-19 vaccine. Mr. Cheatham's sentence as it currently stands, and by itself, does not rise to the high bar to warrant release. Taken together, he has not presented extraordinary and compelling reasons for release based on the difference between the sentence he received and the sentence he would have received today, as a result of changes in the law.

C.    Section 3553(a) Factors

Even where a defendant presents extraordinary and compelling reasons for release, the Court must also consider whether release is consistent with the Section 3553(a) factors. Under Section 3553(a) courts must consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

>> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range
> . . .
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). Considering these factors, even if extraordinary and compelling reasons were present, a sentence reduction would be unwarranted.

The offenses for which Mr. Cheatham is currently incarcerated are very serious. He robbed a Walgreens to obtain Percocet and Oxycodone. PSR at 5, ECF No. 139. He placed the pharmacist in fear of bodily harm and obtained over 2036 pills, which were later advertised via text to customers. *Id.* A reduction in sentence would result in insufficient punishment for these actions.

There is also a need to ensure specific deterrence and protection of the public. First, Mr. Cheatham's post-arrest conduct warranted an emphasis on specific deterrence. He directed a co-conspirator to delete pictures and text messages from the co-conspirators phone following his arrest. PO Recommendation at 1, ECF No. 146. He provided false testimony during his trial. *Id.* Second, Mr. Cheatham was a criminal history category III when he was sentenced. *Id.* at 23. Mr. Cheatham has engaged in other crimes as well. *Id.* at 10–18. Many of these other crimes are of the same nature involving firearms, possession of Percocet, and prescription fraud. *Id.*

13

He committed the instant offense when he was 27 years old, suggesting that his risk of recidivism is a concern. *Id.* at 2.

There is evidence suggesting Mr. Cheatham has rehabilitated. He has participated in extensive programming while incarcerated. Ex. H to Mot. for Compassionate Release, ECF No. 144-8. He has completed four drug classes and forty-two education classes. *Id.* This factor would weigh in favor of granting release. *See Abdallah v. United States*, No. 4:15cr18(3), 2020 WL 3039122, at *3 (E.D. Va. June 4, 2020) (granting compassionate release where petitioner "demonstrated rehabilitation, completing a wide range of courses").

Mr. Cheatham also has family support. If he were released, he would be able to reside with his mother in Chesterfield, Virginia. Mot. for Release at 21, ECF No. 144; Def. Reply at 6 n.3, ECF No. 150. Defendant has included many character letters on his behalf to this Court illustrating community support. Letters, ECF Nos. 144-2–4; Letters, ECF Nos. 144-9–14. This fact typically weighs in favor of compassionate release. *See Poulios v. United States*, No. 2:09-CR-109, 2020 WL 1922775, at *3 (E.D. Va. Apr. 21, 2020) (granting compassionate release when the petitioner had "reliable family support to return to upon his release").

Weighing all the § 3553(a) factors together, however, Mr. Cheatham is not a candidate for a reduction in sentence. Although the measures he has taken to rehabilitate are commendable, as is the support he receives from family and the community, a reduction in sentence would inadequately reflect the seriousness of the offense, result in insufficient punishment and deterrence, and inadequately protect

the public. Thus, consideration of the § 3553(a) factors would preclude a reduction in sentence even if Mr. Cheatham had succeeded in demonstrating extraordinary and compelling reasons for a reduction.

## IV. CONCLUSION

For the foregoing reasons, Mr. Cheatham's Motion for Compassionate release (ECF No. 144) is **DENIED** and his *Pro Se* Motion (ECF No. 137) is **DISMISSED as moot**.

The Clerk is **REQUESTED** to forward a copy of this Order to Defendant Marcellus Edward Cheatham, III, his counsel, and the Assistant United States Attorney.

**IT IS SO ORDERED.**

/s/
Arenda L. Wright Allen
United States District Judge

November 23, 2021
Norfolk, Virginia